USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1624 UNITED STATES, Appellee, v. JOHN R. PAQUETTE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Richard D. Glovsky, Daniel S. Tarlow and Glovsky, Tarlow & ___________________ __________________ ___________________ Milberg on Anders brief for appellant. _______ ______ ____________________ MARCH 4, 1997 ____________________ Per Curiam. Pursuant to a written plea agreement, __________ defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). In exchange for the plea, the government moved to withdraw an information charging prior offenses under the Armed Career Criminal Act, 18 U.S.C. 924(e)(1) (effectively recommending that the Act not be applied); offered no opposition to a sentencing decrease for defendant's acceptance of responsibility; and recommended a sentence at the low end of the applicable range. The court accepted the recommendation as to the Armed Career Criminal Act, and decreased defendant's range three levels for acceptance of responsibility. However, the court also increased the range by four levels under USSG  2K2.1(b)(5), and sentenced defendant (within the applicable range) to 120 months imprisonment, the statutory maximum for the offense.  Defendant now appeals from the sentence. His appellate counsel has submitted an Anders brief and a motion ______ to withdraw, asserting that there is no meritorious ground for appeal, but suggesting that defendant may wish to challenge the district court's application of USSG  2K2.1(b)(5). See Anders v. California, 386 U.S. 738, 744 ___ ______ __________ (1967); Loc. R. 46.4(a)(4). Although counsel notified defendant of his right to file a supplemental brief, defendant hasnot filedabrief, andthe timeforfiling haspassed. -2- After a careful review of the record, we agree that there is no meritorious ground for appeal. The plea proceedings substantially conformed to the requirements of Fed. R. Crim. P. 11, and we apprehend no error at sentencing. We agree with counsel that there is no support in the case law for challenging the district court's application of USSG 2K2.1(b)(5) to the facts presented in this case.  Appellant's conviction and sentence are summarily affirmed; counsel's motion to withdraw is granted. ________ _______ -3-